Scudder, J.
The action is brought by an incorporated village against a gas company. "The injunction sought to be continued enjoins defendant from charging the inhabitants -of the village 'any sum in excess of one dollar and forty cents per 1,000 cubic feet for its gas, and from increasing said rate, unless, and until, duly permitted to do so by the legally constituted authorities, i e., the public service commission.
The facts upon which the action is based are substantially as follows: In 1905 the board of trustees of the plaintiff village granted a franchise to defendant’s predecessor to lay gas pipes in the streets of the village, to remain in force for the term of fifty years. The franchise contains a provision that the gas company should not charge the consumers of its gas in the village more than one dollar and forty cents per 1,000 cubic feet. The rate of one dollar and forty cents has been defendant’s rate for gas in the village since the granting of the franchise up to the present year. On January 19, 1920, defendant filed a new schedule of rates with the public .service commission to go into effect February 20, 1920, in which the regular rate was stated to be one dollar and seventy-five cents per 1,000 cubic feet.
By subdivision 12 of section 66 of the Public Servicé Commissions Law a change in the rate as stated in a schedule which has been filed may be effected without *673 any hearing by the commission, ox any express assent or order made by it, by the filing of a new schedule stating a different rate, and the giving of thirty days’ notice to the commission, and the publication for thirty days, as required by order of the commission, of a notice of the change and of the date when it is to go into effect. This was the course pursued in the present case by the defendant.
On March 11, 1920, the plaintiff filed a complaint pursuant to section. 71 of the Public Service Commissions Law, with the public service commission, complaining of the schedule of rates which had been filed by the defendant. By section 72 of said law, the public service commission, after hearing and investigation of such complaint, may by order fix the maximum price of gas which the defendant can charge.
No hearing has yet been had, and the complaint has not been acted upon or decided by the commission, So far as it appears, the increased rate in the schedule is one fixed and determined by defendant alone without examination or approval by the commission, or the assent of the plaintiff.
It seems to me that there can be no question but that the provision in the franchise that the gas company should not charge the consumers of gas in the village more than one dollar and forty cents per 1,000 cubic feet, constituted a contract for the benefit of the consumers of gas in the village upon which any consumer might maintain an action for its enforcement. Pond v. New Rochelle Water Co., 183 N. Y. 330; Farnsworth v. Boro Oil & Gas Co., 216 id. 40, 48. Regarding the franchise in respect to this provision as a contract made in the name of the village for the benefit of the consumers, the village as a trustee of an expressed trust may also maintain an action for its enforcement. Code Civ. Pro. § 449.
*674 In the recent case of People ex rel. Village of South Glens Falls v. Public Service Commission, 225 N. Y. 216, the Court of Appeals has held that such a contract made by a village for the benefit of consumers in granting permission to a gas company to use its streets, did not constitute a contract beyond the inherent police power of the legislature to modify for the public welfare; and that notwithstanding such contract between a village and a gas company fixing the rate at which gas is to be furnished consumers, the legislature has the power to regulate the price of gas, and that it has conferred that power on the public service commission by the Public Service Commissions Law.
It seems to me that the position taken by the plaintiff in the present case in nowise conflicts with the! decision of the Court of Appeals in the South Glens Falls case. It is conceded that the public service commission has the power to fix a higher rate than the contract rate. The plaintiff only contends that the defendant cannot itself, without any action by the commission, increase the rate automatically by the mere filing of a schedule. It seems to me that it would be inherently unjust, if not unconstitutional, for the legislature to delegate its power to modify such contracts to the gas company, a party to the contract; and that in the absence of explicit language compelling it, subdivision 12 of section 66 of the Public Service Commissions Law should not be construed as authorizing, in cases where there is a contract between a village and a gas company like the one in the present case, the gas company to increase the contract rate by the mere filing of a schedule without any action by the commission.
The case of Public Service Commission v. Iroquois Natural Gas Co., 184 App. Div. 285; affd., without *675 opinion, 225 N. Y. 580, on which defendant relies-, was not a case in which a contract between a village and a gas company was involved. The contract in the present case creates an equity which a court of chancery will protect irrespective of statutory provision. It is inequitable and unjust to deprive the inhabitants of the village of the benefit of the contract without? hearing and determination by the public service commission that public welfare requires its modification.
The power to modify the contract and to determine' that public welfare requires an increase of the contract rate rests solely with the public service commission. All that the court undertakes to determine in this case is that the contract rate remains in force until changed by an order of the commission. Until such order is made the defendant is entitled to and! may charge and collect from the consumers of gas in the village the contract rate, but it is not entitled to charge or collect a higher rate until authorized to do so by the public service commission.
Motion granted.